UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE JONES,

      Petitioner,

EDWARD ALEX MACDONALD,

    Applicant for Intervention,

                                  Case Number 03-10102-BC
v.                                      Honorable David M. Lawson

RAY WOLFE,

      Respondent.
_____ /

**ORDER DENYING APPLICANT'S MOTION
TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on Edward MacDonald's motion to alter or amend this Court's November 16, 2005 order denying his motion to intervene in petitioner Willie Jones' application for habeas corpus relief. MacDonald feels the Court's order did not recognize his inexperience in the law and should have considered his application as one for mandatory intervention instead of permissive intervention under Federal Rule of Civil Procedure 24. The Court disagrees and therefore will deny MacDonald's motion.

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l*

*Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not.  *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Once a timely motion has been filed under this Rule, the district court has the discretion to reconsider any part of its final opinion and judgment, not only those sought to be corrected by the moving party.  *EEOC v. United Ass'n of Journeyman & Apprentices*, 235 F.3d 244, 250 (6th Cir. 2000).

In this case, MacDonald's contention that the Court should have analyzed his application for intervention under Rule 24(a)'s mandatory provisions is misplaced.  Rule 24(a) states:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties

MacDonald does not claim any federal statue permits him an unconditional right to intervene. Rather, he believes that the question of law he seeks to raise is the same issue implicated in the Jones' petition and the petitioner cannot adequately represent his legal interests.

The Sixth Circuit "has interpreted Rule 24(a) to require an entity seeking to intervene to establish four elements: (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court."  *Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (internal quotation marks and citations omitted).

Here, MacDonald still faces the same timeliness problem present in his original application, namely that he applied for intervention more than a year after he learned of Jones' petition and first sought relief in state court.  Even assuming timeliness and a substantial legal interest, MacDonald fails to explain in this motion why he is unable to file his own petition for federal habeas corpus relief.  Finally, MacDonald's contention in his application for intervention and in this motion that his arguments are more fully developed than the petitioner's are based on his beliefs.  Therefore, even if the Court had considered MacDonald's request under Rule 24(a) instead of Rule 24(b), intervention would still be improper.

Accordingly, it is **ORDERED** that MacDonald's motion to alter or amend judgment [dkt # 52] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 8, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 8, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS