UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE B. JONES,

                Petitioner,                Case Number: 03-10102-BC
                                                    Honorable David M. Lawson

v.

RAY WOLFE,

                Respondent.

_____/

## ORDER DISMISSING  WITHOUT PREJUDICE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT

The petitioner, Willie B. Jones, recently discharged from the Pugsley Correctional Facility in Kingsley, Michigan, filed while in custody a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner was convicted of  third-degree criminal sexual conduct, and on October 6, 1986, he was sentenced to three-to-fifteen-years imprisonment.  He was discharged from prison on  January 15, 2004. The petitioner raises several claims related to the Michigan Parole Board's refusal to grant him release on parole.

The petitioner argues that his continued confinement was unconstitutional for the following reasons:

    I.       The petitioner was unconstitutionally deprived of disciplinary credits where the petitioner is actually innocent of the major misconduct violations which resulted in the deprivation of credits.

    II.      Michigan Department of Corrections improperly requires hearings officers to find 90% of all inmates appearing before them guilty of major misconduct violations.

    III.     The MDOC violated the petitioner's liberty interest in parole when it deprived him of disciplinary credits.

IV.    Certain of the major misconduct charges were lodged in retaliation for the petitioner filing prison grievances.

The respondent asserts that the petitioner's state-court remedies are unexhausted because he has not challenged his misconduct convictions in state court. The respondent also states that the petitioner may challenge these convictions by filing a state petition for a writ of habeas corpus. *See* Mich. Comp. Laws § 600.4307 (permitting a habeas action to be filed by "any person restrained of his liberty within this state under any pretense whatsoever, except as specified in section 4310." Section 600.4310 bars a person "convicted . . . upon legal process, civil or criminal" from utilizing the writ. Because the petitioner has been convicted, this provision likely bars him from seeking habeas relief in state court. *Accord Hughes v. Birkett*, 2002 WL 31750746 (E.D. Mich. Oct. 8, 2002).

Although state habeas corpus relief is not a viable option for the petitioner, other remedies nonetheless must be exhausted. In *Hughes*, this Court discussed the state-court remedies available to a petitioner who challenges the results of prison misconduct proceedings:

> To exhaust his claim, the petitioner's proper avenue is to request a rehearing of the decision with the hearings administrator at the facility where he was convicted of the major misconduct violation. *See* Mich. Comp. Laws § 791.255(1). Rehearing requests of major misconduct convictions are explicitly authorized by the Michigan Administrative Code. *See* Mich. Admin. Code § 791.3320(4). Such a request must be filed "in order to exhaust [the petitioner's] administrative remedies before seeking judicial review of the final decision or order." *Id.* Then, the petitioner has sixty days from the date of an adverse decision on his request for rehearing to file "an application for direct review" in the Michigan circuit courts. Mich. Comp. Laws § 791.255(2). That decision, in turn, must be appealed to the Michigan Court of Appeals and Michigan Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (concluding that one full round of the state appellate process must be exhausted before a habeas petition is filed).

*Hughes*, 2002 WL at * 1; *see also Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001) (recognizing exhaustion requirement for petitions filed under 28 U.S.C. § 2241). The pending petition contains unexhausted claims because the petitioner has not sought rehearing of the

-2-

challenged misconduct convictions and has not presented his claims in state court.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state proceedings, provided that good cause for the failure to exhaust claims is shown and reasonable time limits are imposed. *Rhines v. Weber*, 544 U.S. ___, 125 S. Ct. 1528, 1535 (2005). In this case, however, the plaintiff has not shown good cause. There is no explanation as to why he was unable to seek rehearing before the Michigan Parole Board and seek review of a negative disposition in the state trial court. Further, the plaintiff already has been granted the relief he seeks: he was paroled as of January 15, 2004. Because the plaintiff's petition contains unexhausted claims and no good cause has been shown to abate the petition in light of the petitioner's discharge from prison, the Court will dismiss the petition without prejudice.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the petitioner's motion for summary judgment [dkt # 42] is **DENIED** as moot.

s/David M. Lawson\
DAVID M. LAWSON\
United States District Judge

Dated: March 29, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2006.

s/Tracy A. Jacobs\
TRACY A. JACOBS